```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DORIS CANDELARIE, as trustee of
the MARCEL A. TRUJILLO 2503(C)
TRUST and the DOMINIC A. TRUJILLO
2503(C) TRUST, ANTHONY J. TRUJILLO
and DENISE TRUJILLO,

                 Plaintiffs,          MEMORANDUM & ORDER
                                      08-CV-1714 (JS)(AKT)
        -against-

SCIENTIFIC INNOVATIONS, INC.,
JOSEPH H. BRONDO, JR., and
PHYLLIS BRONDO,

                 Defendants.
----------------------------------X
APPEARANCES:
For Plaintiffs:    Doris Candelarie
                   c/o Alicia Sanchez Elementary
                   655 Sir Galahad Drive
                   Lafayette, Colorado 80026

                   Anthony Trujillo, pro se
                   4100 Albion Street, Unit #1051
                   Denver, Colorado 80216

                   Denise Trujillo, pro se
                   4100 Albion Street, Unit #1051
                   Denver, Colorado 80216

For Defendants:    Richard E. Hershenson, Esq.
                   30 Broad Street, 15th Floor
                   New York, NY 10004
```

SEYBERT, District Judge:

Pending before the Court are Scientific Innovations, Inc., Joseph Brondo, and Phyllis Brondo's ("Defendants") unopposed motions for (1) a separate trial; (2) if bifurcation is granted, a temporary stay of discovery pending resolution of

the first trial; and (3) dismissal of the fifth claim for relief in the Amended Complaint. For the following reasons, Defendants' motions are GRANTED.

BACKGROUND[1]

Plaintiffs Anthony and Denise Trujillo created two trusts, one for their son Marcel A. Trujillo and the other for their son Dominic A. Trujillo. (Am. Compl. ¶ 1.) Plaintiff Doris Candelarie serves as the sole trustee of the two trusts. (Id. ¶ 2.)

In 1999, Anthony Trujillo met with Joseph Brondo, the president and a director of Scientific Innovations, Inc. ("SII"), to discuss investing in the company. (Def. 56.1 Stmt. ¶ 28; Pl. 56.1 Counter-Stmt. ¶ 28.) At all relevant times Defendants Joseph and Phyllis Brondo were the sole officers and directors of SII. (Am. Compl. ¶ 9.)

On June 8, 2000, in exchange for two $50,000 checks, Mr. Trujillo received sixty shares of SII stock for Marcel's trust and another sixty shares for Dominic's trust. (Def. 56.1 Stmt. ¶¶ 30-32; Pl. 56.1 Stmt. ¶¶ 30-32.) From November 2000 to December 2001, Mr. Trujillo sent SII additional checks totaling $350,000 but never received any additional shares of stock. (Def. 56.1 Stmt. ¶ 35 & Ex. F; Pl. 56.1 Counter-Stmt. ¶ 35.)

---

[1] The Court recites only those facts that are necessary for the purposes of deciding this motion and presumes familiarity with the other underlying facts of this case.

2

Plaintiffs assert that this additional $350,000 was a loan from Marcel Trujillo's trust to SII. (Am. Compl. § 16.) Defendants assert that Mr. Trujillo agreed to invest a total of $500,000 in exchange for 600 shares of SII. (Def. 56.1 Stmt. ¶ 29.) Defendants further claim that SII agreed to issue only the first 120 shares upon Mr. Trujillo's initial investment of $100,000 but were not required to issue the remaining shares until the full investment of $500,000 was made. (Def. 56.1 Stmt. ¶¶ 29, 33, 34.) Plaintiffs assert, as explained above, that the $350,000 was not an investment and that no such agreement exists. (Pl. 56.1 Counter-Stmt. ¶¶ 29, 33, 34.)

Plaintiff Doris Candelarie commenced this action on April 25, 2008 requesting relief on four claims. First, Candelarie claims that SII owes Marcel Trujillo's trust $350,000 on an account stated. Candelarie's second and third claims allege fraudulent transfers against Defendants. Lastly, Candelarie claims that the Brondos face alter ego liability for the $350,000 allegedly owed by SII. Both parties moved for summary judgment. On August 28, 2009, this Court denied those motions holding that the nature of Mr. Trujillo's investment was in dispute and presented a genuine issue of fact requiring trial. See Candelarie v. Scientific Innovations, Inc., No. 08-CV-1714, 2009 WL 2824727, at *5 (E.D.N.Y. Aug. 28, 2009) (Docket No. 29).

On December 17, 2009, Candelarie sought "leave to amend her Complaint to add the following persons in this action: (a) Doris Candelarie, as Trustee of the Dominic A. Trujillo 2503(c) Trust; (b) Anthony Trujillo; and (c) Denise Trujillo." (Notice of Mot., Docket No. 37.) On February 11, 2010, Magistrate Judge Tomlinson granted the motion "to add additional plaintiff(s)." (Docket No. 44.) On April 22, 2010, Candelarie filed her Amended Complaint which included the new plaintiffs and an additional claim for relief for breach of fiduciary duty. (Am. Compl. ¶¶ 58, 59, Docket No. 46.)

## DISCUSSION

Defendants now move (1) for a separate trial pursuant to Federal Rule of Civil Procedure 42(b); (2) for a temporary stay of discovery on the remaining claims pending resolution of the first trial; and (3) to strike or dismiss Plaintiffs' fifth claim for relief. Plaintiffs do not oppose these motions. The Court will address each in turn.

I. Motion to Bifurcate

Defendants seek bifurcation so the account stated claim can be tried separately and resolved before the fraudulent transfer and alter ego liability claims are tried. Defendants assert that bifurcation is appropriate because resolution of Plaintiffs' account stated claim will obviate the need to litigate Plaintiffs' remaining claims. (Def. Mem. 5, Docket No.

4

80.) Defendants also assert that they may be prejudiced by evidence submitted to the jury on the remaining claims, which have nothing to do with the nature of the investment. (Id.) The Court agrees.

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, [a] court may order a separate trial for one or more separate issues [or] claims." FED. R. CIV. P. 42(b). "[T]he presence of only one of these conditions" is required for the Court to order a separate trial. Ricciuti v. N.Y.C. Transit Authority, 796 F. Supp 84, 85 (2d Cir. 1992) (citing Ismail v. Cohen, 706 F. Supp. 243, 251 (S.D.N.Y. 1989), aff'd, 899 F.2d 183 (2d Cir. 1990)). Although district courts have broad discretion to bifurcate a trial, "[t]he moving party bears the burden of establishing that bifurcation is warranted." Computer Assocs. Int'l, Inc. v. Simple.com, Inc., 247 F.R.D. 63, 67 (E.D.N.Y. 2007) (citations omitted).

The Second Circuit explained that "bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue or where one party will be prejudiced by evidence presented against another party." Amato v. City of Saratoga Springs, N.Y., 170 F.3d 311, 316 (2d Cir. 1999) (internal citation omitted).

5

In this case, either of these concerns justifies the bifurcation of the trial. First, bifurcation would further the goal of efficiency. In determining whether Plaintiffs can recover on an account stated, the only issue is whether the $350,000 payment was an investment or a loan. Candelarie, 2009 WL 2824727, at *4. If the factfinder finds that the $350,000 was an investment and Plaintiffs are not creditors, litigation of the fraudulent conveyance and alter-ego liability claims will be unnecessary, as all four claims for relief stand or fall on whether Plaintiffs can prove at trial that the $350,000 was a loan.[2] Second, Plaintiffs' fraudulent transfer claims allege specific acts of wrongdoing on the part of Defendants. This information is not relevant to the account stated claim, and Defendants could be prejudiced by this evidence being introduced in the trial of that claim. Since bifurcation will both promote efficiency and avoid prejudice, Defendants' motion to bifurcate is GRANTED.

---

[2] In New York, "[o]nly creditors may maintain actions for fraudulent conveyance," Geren v. Quantum Chem. Corp., 99 F.3d 401 (2d Cir. 1995) (citing N.Y. Debtor & Creditor Law § 273 (McKinney 1990); Pappo Bros. v. Thompson, 214 N.Y.S. 2d 13, 15 (Sup. Ct. Nassau Cnty. 1961)), so Plaintiffs' fraudulent transfer claims necessarily require that the Trujillos' investment be a loan, not a stock purchase. Plaintiffs' alter-ego liability claim similarly requires that the $350,000 payment be deemed a loan, since it merely seeks to hold Defendants Joseph and Phyllis Brondo personally liable for the account stated and fraudulent transfer claims, which all require that Plaintiffs be creditors.

II. Motion to Stay Discovery

Defendants argue that the Court should also grant a temporary stay of discovery of the bifurcated claims. Since "district courts may stay discovery when resolution of a preliminary matter may dispose of the entire case," Thrower v. Pozzi, 99-CV-5871, 2002 WL 91612, at *7 (S.D.N.Y. Jan. 24, 2002) (citing Assoc. Fe Y Allegria v. The Republic of Ecuador, No. 98-CV-8650, 1999 WL 147716, at *1 (S.D.N.Y. March 16, 1999)), the Court GRANTS Defendants' motion. Discovery is hereby STAYED pending a determination by the jury of the nature of the Trujillo's investment.

III. Motion to Dismiss or Strike Fifth Claim for Relief

Defendants also assert that the Court must either dismiss or strike Plaintiffs' fifth claim for relief because Plaintiff added it to her Amended Complaint without leave of court. The Court agrees.

The Court's leave is required to amend a pleading unless (1) the party can amend as a matter of course or (2) the opposing party consents in writing. FED. R. CIV. P. 15(a). The time for amending as a matter of course has expired,[3] and

---

[3] When Candelarie filed her Complaint in 2008, Federal Rule of Civil Procedure 15 stated that serving a responsive pleading terminated the right to amend. Defendants served their answer on June 6, 2008, and Candelarie did not move to amend her Complaint until December 17, 2009, well after the time for amending as a matter of course had expired.

7

Plaintiff did not obtain Defendants' consent; therefore, leave of the Court was needed to amend her Complaint.

Plaintiff did, in fact, move to amend her Complaint, but only "to add the following persons as plaintiffs in this action: (a) Doris Candelarie, as Trustee of the Dominic A. Trujillo 2503(c) Trust; (b) Anthony Trujillo; and (c) Denise Trujillo." (Notice of Mot., Docket No. 37.) Plaintiff, in her supporting memorandum stated that "the amendment does not assert any new claims or alter the theories in the original complaint." (Pl's. Mem. 6, Docket No. 38.) Relying on those representations, Magistrate Judge Tomlinson granted Plaintiff's motion "to add additional plaintiff(s)." (Docket No. 44.) Yet Plaintiff filed an Amended Complaint that included the new plaintiffs <u>plus a new fiduciary duty claim</u>. Judge Tomlinson did not grant Candelarie leave to add this additional claim, nor did Candelarie ever seek proper leave to add this claim. Therefore, the Court GRANTS Defendants' motion and STRIKES Plaintiffs' fifth claim for relief in their Amended Complaint. Plaintiffs, however, are free to seek leave to amend their Amended Complaint at any time.

## CONCLUSION

For the foregoing reasons, Defendants' motions for a separate trial and a temporary stay of discovery on the remaining claims are GRANTED. Plaintiffs' fifth claim for

8

relief for breach of fiduciary duty is STRICKEN.  Defendants are directed to mail a copy of the Memorandum and Order to the <u>pro se</u> Plaintiffs Anthony and Denise Trujillo and to Plaintiff Doris Candelarie as Trustee.  Ms. Candelarie is reminded that she may not represent the Trusts <u>pro se</u> and was ordered to obtain new counsel by July 22, 2011.  Plaintiffs are warned that failure to obtain new counsel within ten [10] days may result in dismissal of the Trusts' claims.

                              SO ORDERED.

                              /s/ JOANNA SEYBERT_____
                              Joanna Seybert, U.S.D.J.

DATED:    August __3__, 2011
           Central Islip, New York