**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
DORIS CANDELARIE, as trustee of the
MARCEL A. TRUJILLO 2503 (C) TRUST
and the DOMINIC A. TRUJILLO 2503 (C)
TRUST, ANTHONY TRUJILLO and
DENISE TRUJILLO

                          Plaintiffs,

            - against -

SCIENTIFIC INNOVATIONS, INC.,
JOSEPH H. BRONDO, JR., and
PHYLLIS BRONDO,

                          Defendants.
-----------------------------------------------------------X

**ORDER**

CV 08-1714 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Plaintiffs commenced the above-captioned matter on April 25, 2008. For a myriad of reasons, including various parties filing for bankruptcy[1] and three separate sets of counsel withdrawing as counsel for Plaintiffs, the pre-trial phase of this action has moved at an extraordinarily slow pace. The most recent events resulted in Defendants filing a letter motion to dismiss. *See* DE 113. For the reasons set forth below, that motion is DENIED.

While the Court presumes the parties' familiarity with the history of this case, the Court briefly discusses those events which transpired since June 22, 2011. On this date, Attorney O'Leary's motion to withdraw as counsel for Plaintiffs was granted by Judge Seybert. *See* DE 103. Then, on August 3, 2011, Plaintiffs failed to appear for a telephone conference that was scheduled by this Court back on June 6, 2011. In light of Plaintiffs' failure to appear, this Court

---

[1] Plaintiff Anthony Trujillo and Defendants Joseph and Phylis Brondo have filed for bankruptcy. *See* DE 110, 112.

issued an Order to Show Cause giving Plaintiffs one final opportunity to appear on September 6, 2011, and demonstrate why a recommendation should not be made to Judge Seybert to dismiss the action for failure of the Plaintiffs to fulfill their discovery obligations and to prosecute their claims. *See* DE 106. Also on August 3, 2011, Judge Seybert ruled on an outstanding motion by the Defendants which sought to bifurcate the trial so that the first claim can be tried separately and resolved before the remaining claims were to be decided.[2] Defendants also sought a temporary stay of discovery pending resolution of the first trial and to dismiss the fifth claim for relief in Plaintiffs' Amended Complaint. Judge Seybert granted Defendants' motion in its entirety.[3] In so doing, discovery on the remaining claims were stayed.

At the September 6, 2011 Hearing,[4] the Court became aware of the fact that Plaintiff Anthony Trujillo had initially filed a Chapter 11 bankruptcy, which was then converted to a Chapter 7. Anthony Trujillo's Chapter 7 Bankruptcy Trustee, who participated on the call, was advised that a motion to be added or substituted as a party must be filed with the Court. In addition, Defendants' counsel mentioned that while he knew that Joseph Brondo also filed for bankruptcy, he was unsure as to the status of Phyllis Brondo. In light of these events, the Court

---

[2] The central contention behind this claim was whether the $350,000 payment by Plaintiffs was an investment or a loan. If it is determined that this payment was an investment, the remaining claims become moot.

[3] In addition, Judge Seybert reminded Ms. Candelarie that she could not represent the Trusts *pro se* and was previously ordered to obtain new counsel by July 22, 2011. Plaintiffs were warned that failure to obtain new counsel within ten days may result in the dismissal of the Trusts' claims. The Court notes that no attorney has filed a notice of appearance on behalf of the Trusts.

[4] While the Plaintiffs were directed to appear in person for the Show Cause Hearing, the Court ultimately allowed Plaintiffs to appear by telephone.

gave Defendants' counsel until September 23, 2011 to discuss with his clients whether a motion for a collective stay of all proceedings would be made. *See* DE 110. Defendants' counsel advised the Court on September 23 that he would not be seeking a stay of all proceedings. DE 112. Then, on October 10, 2011, Trujillos' bankruptcy trustee submitted a letter stating that "I have determined that I will not enter an appearance in this matter and have filed a Notice of Abandonment with the Bankruptcy Court in Colorado. As I am sure you are aware, that abandonment will revest Mr. Trujillo with full authority in the litigation." DE 113. It was this letter by the bankruptcy trustee which resulted in the Defendants' filing of the pending motion to dismiss. Defendants assert the following in their letter motion: "[n]ow that the latest reason for delay has proved to be a sham, we respectfully request that the action finally be dismissed."

As an initial matter, my Individual Practice Rules clearly state only discovery or other non-dispositive motions may be made by letter motion. The Court can deny Defendants' motion on this basis alone. However, even putting aside this defect, the Court finds no basis to recommend to Judge Seybert that this action be dismissed for Plaintiffs' failure to prosecute or comply with the Orders of this Court. Since the September 6, 2011 Conference, Plaintiffs complied with the sole directive given to them, providing the Court with their direct contact information. The fact that Anthony Trujillo's bankruptcy trustee decided to file a Notice of Abandonment with the Bankruptcy Court in Colorado regarding this action does not in any way impact the status of this case. Moreover, Plaintiffs had no control over the actions of the trustee.

Pursuant to Judge Seybert's August 3, 2011 Memorandum and Order, the first claim in the Amended Complaint is ripe for adjudication and discovery as to the remaining claims is stayed. Since Judge Seybert previously denied Defendants' motion for summary judgment on

this claim (*see* DE 29), the sole relief available to Defendants at this time is to request that a trial date be set by Judge Seybert. Accordingly, Defendants' letter motion to dismiss is DENIED. Defendants' counsel is directed to serve a copy of this Order on Plaintiffs forthwith and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
January 11, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge