```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DORIS CANDELARIE, as trustee of the
MARCEL A. TRUJILLO 2503(c) TRUST and            ORDER
the DOMINIC A. TRUJILLO 2503(c) TRUST,          08-CV-1714(JS)(AKT)
ANTHONY TRUJILLO, and DENISE TRUJILLO,

                        Plaintiffs,

        -against-

SCIENTIFIC INNOVATIONS, INC., JOSEPH
H. BRONDO, JR., and PHYLLIS BRONDO,

                        Defendants.
----------------------------------------X
```

APPEARANCES

For Plaintiffs:
Anthony Trujillo            Anthony Trujillo, pro se
                            200 Clayton Street, Unit 2
                            Denver, CO 80206

Denise Trujillo             Denise Trujillo, pro se
                            4361 Augusta Drive
                            Broomfield, CO 80023

For Defendants:             Richard E. Hershenson, Esq.
                            30 Broad Street, 15th Floor
                            New York, NY 10004

SEYBERT, District Judge:

On January 17, 2012, the Court ordered pro se Plaintiffs Anthony Trujillo and Denise Trujillo to each file a status report detailing: (1) the status of discovery with respect to the first claim in the Amended Complaint and (2) whether they are ready for trial. (Docket Entry 116.) On February 13, 2012, Mr. Trujillo faxed a letter to the chambers of Magistrate Judge A. Kathleen Tomlinson responding to the

Court's January 17 Order. (Docket Entry 118.) The Court finds that Plaintiffs' letter fails to comply with the Court's Order for the following reasons:

<u>First</u>, the letter was untimely. Plaintiffs were ordered to file their status update on or before February 6, 2012. Although Mr. Trujillo's letter is dated February 6, 2012, this is misleading, as he faxed it to the chambers of Judge Tomlinson one week later on February 13, 2012.

<u>Second</u>, the letter was not properly filed. Pursuant to the undersigned's Individual Motion Practices, "faxes or e-mails to Chambers are absolutely prohibited absent prior permission of the Court." <u>See</u> Seybert, Individual Motion Practices § I.C. Plaintiffs must either mail or hand-deliver any and all future filings to the Clerk of the Court, unless prior permission is obtained from the undersigned. <u>See</u> FED. R. CIV. P. 5(d)(2). Additionally, Plaintiffs are required to serve a copy of any and all filings on opposing counsel and to include an affidavit of service in their submission to the Court, <u>see</u> FED. R. CIV. P. 5(a)(1)(E), which Mr. Trujillo failed to do here. Plaintiffs are warned that future submissions that fail to comply with these rules will be returned without docketing.

<u>Third</u>, notwithstanding the Court's Order that Plaintiffs <u>each</u> file a status update, Mr. Trujillo submitted this letter "[o]n behalf of Denise F. Trujillo and [him]self."

(Docket Entry 118.) However, a non-attorney pro se party may not represent another's interests. See Iannacone v. Law, 142 F.3d 553, 558 (2d Cir. 1998). Mr. Trujillo cannot act on behalf of Ms. Trujillo; she must be willing and able to represent herself in this matter or her claims will be dismissed for failure to prosecute. See FED. R. CIV. P. 41(b). The Court notes that Plaintiffs may file one document jointly so long as Mr. and Ms. Trujillo both sign it. See FED. R. CIV. P. 11(a).

Finally, Mr. Trujillo's letter is completely unresponsive. The Court asked Plaintiffs to specify: (1) the status of discovery with respect to the first claim in the Amended Complaint and (2) whether they are ready for trial. Instead, Mr. Trujillo submitted a letter requesting permission to represent himself at trial, describing the merits of the case, and explaining his efforts to settle. The Court still does not know whether there is any outstanding discovery or other issue impeding the parties' ability to try the first claim in the Amended Complaint.

Accordingly, it is hereby:

ORDERED that Plaintiffs file another status update(s) indicating: (1) if there are any outstanding discovery requests related to the first claim in the Amended Complaint and (2) if they are ready to set a trial date on that claim. The Court must receive this letter on or before March 30, 2012.

Plaintiffs are warned that if their submission(s) fail to cure the defects with Mr. Trujillo's prior letter as outlined above, it will be discarded without consideration or filing. It is further

ORDERED that Defendants simultaneously file a status update on or before March 30, 2012, detailing the status of discovery and their readiness to proceed to trial on the first claim in the Amended Complaint.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  15 , 2012
       Central Islip, NY